1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   JOSE GONZALEZ CASTANEDA,

9                           Petitioner,          CASE NO. C14-1427-MJP-MAT

10         v.

11   ICE FIELD OFFICE DIRECTOR,                   REPORT AND RECOMMENDATION

12                           Respondent.

13

14                              INTRODUCTION

15         Petitioner, a native and citizen of Mexico and lawful permanent resident of the United

16   States, is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest

17   Detention Center in Tacoma, Washington.  Proceeding *pro se*, he filed the instant habeas corpus

18   petition pursuant to 28 U.S.C. § 2241, seeking release from immigration detention or a bond

19   hearing.  (Dkt. 1.)  Respondent has moved to dismiss, arguing that petitioner's detention is

20   statutorily authorized.  (Dkt. 9.)  Petitioner did not file a response.

21         For the reasons discussed below, the Court concludes that petitioner's detention is lawful,

22   and therefore recommends that respondent's motion to dismiss be granted, petitioner's habeas

23   petition be denied, and this action be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

Petitioner was arrested in October 2000 on a warrant for murder.  (Dkt. 10-1 at 4.)  In October 2011, he pleaded guilty to Murder in the Second Degree and was sentenced to 127 months of prison.  (Dkt. 10-1 at 4; Dkt. 10-2 at 15-39.)  In September 2011, ICE placed an immigration detainer with the corrections facility where petitioner was imprisoned so that petitioner would be transferred to ICE's custody upon release.  (Dkt. 10-3.)

On February 4, 2013, petitioner entered ICE's custody.  (Dkt. 10-4.)  Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), based on his Second Degree Murder conviction.  (Dkt. 10-5.)  ICE made the initial custody decision that petitioner would be detained during his removal proceedings.  (*Id.*)

On February 13, 2014, petitioner received a bond hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) (alien detained pursuant to 8 U.S.C. § 1226(c) is entitled to a bond hearing when he or she has been detained for more than six months and release or removal is not imminent).  (Dkts. 10-8, 10-9, and 11-1.)  The IJ ultimately denied bond, finding that "the Department [of Homeland Security] met its burden by clear and convincing evidence that continued detention is justified, and they met their burden by clear and convincing evidence that respondent is a danger and that respondent is a flight risk."  (Dkt. 11-11 at 5.)  The IJ's finding was based primarily on the seriousness of petitioner's murder conviction and that he showed "a pattern of an escalation of violence over a period of years."  (*Id.* at 4.)  Petitioner did not appeal the denial of bond.

DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens, such as petitioner, who are in removal proceedings.  Section 1226(a) grants the Attorney

REPORT AND RECOMMENDATION
PAGE - 2

1  General discretionary authority to determine whether an alien should be detained, released on

2  bond, or released on conditional parole pending the completion of removal proceedings, unless

3  the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom

4  detention is mandatory.  *See* 8 U.S.C. § 1226.  Section 1226(c) provides in relevant part:

5  > The Attorney General shall take into custody any alien who . . . is deportable by
   > reason of having committed any offense covered in [8 U.S.C. §
6  > 1227(a)(2)(A)(iii)] . . . when the alien is released, without regard to whether the
   > alien is released on parole, supervised release, or probation, and without regard to
7  > whether the alien may be arrested or imprisoned again for the same offense.

8  8 U.S.C. § 1226(c)(1).  Section 1226(c) applies only when ICE takes an alien into custody

9  immediately upon his release from non-ICE custody.  *Khoury v. Asher*, 3 F. Supp. 3d 877, 887-

10  88 (W.D. Wash. 2014).

11      Respondent maintains that petitioner's detention is authorized by § 1226(c) because of

12  his Second Degree Murder conviction, which is an offense covered in § 1227(a)(2)(A)(iii).  (Dkt.

13  9 at 4-5.)  But the record does not indicate whether petitioner was released directly from state

14  custody to ICE custody—a prerequisite to § 1226(c) detention.  *See Khoury*, 3 F. Supp. 3d at

15  887-88.  Thus although the Court can conclude that petitioner's detention is authorized by § 1226

16  because he is in removal proceedings, the Court cannot determine on the record before it whether

17  § 1226(a) or § 1226(c) applies.

18      This distinction, however, is immaterial because regardless of the authorizing statute,

19  petitioner has been given all the benefits of due process to which he is entitled.  If petitioner's

20  detention is authorized by § 1226(c), he is entitled to a bond hearing where the government has

21  the burden of establishing by clear and convincing evidence that he presents a danger to the

22  community or a flight risk.  *Rodriguez*, 715 F.3d at 1138-39.  As noted above, petitioner has

23  already been given such a hearing, and the IJ found the government met its burden.  The Court

1    may only review an IJ's discretionary decision to grant, revoke, or deny bond for constitutional

2    claims and legal error.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment

3    regarding the application of this section shall not be subject to review.  No court may set aside

4    any action or decision by the Attorney General under this section regarding the detention or

5    release of any alien or the grant, revocation, or denial of bond or parole."); *Prieto-Romero v.*

6    *Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[An] alien may appeal the IJ's bond decision to the

7    BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not

8    subject to judicial review, *see* § 1226(e)."); *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)

9    (federal district courts retain habeas jurisdiction to review bond hearing determinations for

10   constitutional claims and legal error).  Petitioner, however, fails to allege any such violation, and

11   the Court's review of his *Rodriguez* bond hearing establishes none.  (*See* Dkt. 11-1.)

12   Accordingly, if petitioner's detention is authorized by § 1226(c), it complies with due process.

13        Likewise, if petitioner's detention is authorized by § 1226(a), due process has been

14   satisfied.  An alien detained under § 1226(a) is entitled to a bond hearing where he bears the

15   burden of establishing that he does not present a danger to the community or a flight risk.  *See* 8

16   C.F.R. §§ 236.1(c)-(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).  Petitioner did not

17   receive such a bond hearing; however, any error would be harmless because the IJ at his

18   *Rodriguez* hearing placed the burden on the government—rather than on petitioner—and still

19   found continued detention warranted.  *See Singh*, 638 F.3d at 1205 (applying harmless error

20   analysis to IJ's legal error in bond determination).

21        In sum, petitioner's detention, which is authorized by § 1226, complies with due process

22   because he has been given a bond hearing pursuant to *Rodriguez*.

23   / / /

REPORT AND RECOMMENDATION
PAGE - 4

CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss (Dkt. 9) be GRANTED, petitioner's habeas petition (Dkt. 1) be DENIED, and this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 2, 2015**.

DATED this 10th day of December, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5